IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VIRGIL MITCHELL,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *  CIVIL ACTION NO. 21-00376-CG-B
                                    *
STATE OF TEXAS,                     *
                                    *
        Defendant.                  *

<u>REPORT AND RECOMMENDATION</u>

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on review.  For the reasons set forth below, it is **RECOMMENDED** that Plaintiff Virgil Mitchell's amended complaint be **DISMISSED** without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 41(b), for failure to obey the Court's order. It is further **RECOMMENDED** that Mitchell's motions to amend be **DENIED.**

**I. BACKGROUND**

On August 25, 2021, Plaintiff Virgil Mitchell, proceeding *pro se,* filed a "Complaint to Sue".  (Doc. 1).  Mitchell did not pay the filing fee or include a motion to proceed without prepayment of fees.  Michell named the State of Texas as the sole Defendant and asserted that he was suing the State of Texas, "on behalf of African American Culture", for defamation based on alleged

comments made by Dan Patrick, Lieutenant Governor of Texas. (Id.). According to Mitchell, Lt. Gov. Patrick told the media that "Black people being unvaccinated" was the reason the virus was spreading. (Id.).

In an order dated August 30, 2021, the Court directed Mitchell to pay the $402.00 filing fee or file a motion to proceed without prepayment of fees by September 13, 2021. (Doc. 2). Mitchell paid the filing fee as directed. Subsequent thereto, the Court issued an order directing Mitchell to correct several pleading deficiencies in his complaint. Specifically, the Court observed that Mitchell's complaint was completely devoid of "a short and plain statement of the grounds for the court's jurisdiction." (Doc. 4 at 11). The Court also noted that to the extent Mitchell seeks to invoke diversity jurisdiction, he failed to allege the citizenship of any party, including himself. The Court further noted that while Mitchell named the State of Texas as the sole Defendant, Texas is not a "citizen" for purposes of diversity jurisdiction; thus, it cannot be a party in a case where federal jurisdiction is premised on diversity of citizenship. See Wynn ex rel. Alabama v. Philip Morris, Inc., 51 F. Supp. 2d 1232, 1256 (N.D. Ala. 1999) ("If the State of Alabama is a real party in interest, there can be no diversity of citizenship, as Alabama is not a citizen of a state, but a State itself."); Hoffman v. Connecticut, 671 F. Supp. 2d 166, 169 (D. Me. 2009) ("Since jurisdiction under 28 U.S.C. §1332 is limited to the 'citizens of different States,' the inclusion of Connecticut as a defendant

defeats diversity jurisdiction."); <u>Batton v. Ga. Gulf</u>, 261 F. Supp. 2d 575, 582 (M.D. La. 2003) ("If a party is not a citizen of a state at all, then it is not a citizen of a different state and it would be inappropriate to allow that party to bring a case or be subject to federal jurisdiction based only on diversity of citizenship.").

The Court further noted that even if Mitchell's complaint could be construed as asserting a claim against Lt. Governor Patrick, for the alleged defamatory comment, it was not clear if he was being sued in his individual or official capacity, as a complaint against Lt. Governor Patrick in his official capacity, as opposed to his individual capacity, would be treated the same as a claim against the state. <u>See</u> <u>City of Rome, Ga. v. Hotels.com, LP</u>, 2006 U.S. Dist. LEXIS 56369, at *25-26, 2006 WL 6595753, at *8 (N.D. Ga. May 9, 2006) ("Because the 'Eleventh Amendment immunity analysis is applicable to determinations of citizenship for the purposes of diversity jurisdiction,' the Court also finds that . . . the Commissioner in his official capacity, is an arm of the state of Georgia, not a citizen, for the purposes of diversity jurisdiction."); <u>Tomback v. UnumProvident Corp.</u>, 2005 U.S. Dist. LEXIS 45688, at *5-7, 2005 WL 2596449, at *2-3 (N.D. Cal. Oct. 13, 2005).

Additionally, the Court observed that in the absence of diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction. (Doc. 4 at 13)(citing <u>Wyke v. Poke Cty. Sch. Bd.</u>,

129 F.3d 560, 566 (llth Cir. 1997).  The Court note that as drafted, Mitchell's complaint failed to demonstrate a basis for federal question jurisdiction, and while Mitchell's complaint cited a few statutes, none of them provided a basis for federal question jurisdiction.  (Id. at 13).  The Court further found that Mitchell's complaint constitutes an impermissible shotgun pleading because it runs afoul of Rule 10(b) of the Federal Rule of Civil Procedure which requires that allegations be set forth in numbered paragraphs, and the discrete claims be separated into different counts.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  The court noted that it is not clear which claims or theories of liability Mitchell is seeking to pursue or which defendant or defendants Mitchell seeks to sue.

Accordingly, Mitchell was directed to file, on or before February 28, 2023, an amended complaint which rectified the above-listed pleading deficiencies.  Specifically, Mitchell was advised that his amended complaint must contain facts that plausibly establish valid grounds for the Court's jurisdiction.  (Doc. 4 at 24).  He was further advised that to the extent he was seeking to invoke the Court's diversity jurisdiction, he must allege his own citizenship and the citizenship of all defendants.  He was also directed to identify any federal statutes or constitutional provisions under which he was asserting a claim.  (Id.).

Mitchell was also advised that in drafting his amended complaint, he must identify his pleading as a first amended complaint and list all defendants in the caption of the case.  He was further

4

advised to separate his causes of action or claims for relief (to the extent there are more than one) into different counts; state his allegations in numbered paragraphs that are each limited as far as practicable to a single set of circumstances; specify the conduct that each defendant engaged in as to each count; make clear the factual allegations that pertain to each claim; and provide the specific grounds upon which each of his claims for relief are based. Mitchell was expressly cautioned that if he failed to file an amended complaint within the ordered time, or failed to correct the noted deficiencies as instructed, the undersigned would recommend that this action be dismissed. (Id. at 26).

On March 1, 2023, Mitchell filed four documents which he titled "initial complaint," "Motion to Amend Complaint," "Answer to Summons," and Motion for an Extension of Time to Appeal to the Eleventh Circuit. (Docs. 5-8). Mitchell's "Initial Complaint" closely tracks his original pleading. (Doc. 5). It lists the State of Texas as the sole defendant in the caption of the case, complains about Lt. Governor Patrick's alleged statement about black people being unvaccinated, and being the reason for the spread of the virus, and seeks a money judgment against the state of Texas for statements allegedly attributable to Lt. Governor Patrick. (Id.). It also includes statutes which provide no basis for federal question jurisdiction[1]. (Id.). As before, in his

---

[1] For instance, Mitchell again cites 28 U.S.C. § 4101, which provides a definition for 'defamation' for the purpose of judicial recognition of foreign defamation judgments but does not suffice to establish federal question jurisdiction. See Nahum v. Boeing Co., 2020 U.S. Dist. LEXIS 58395, at *11 n.5, 2020 WL 1627150, at *4 n.5 (W.D. Wash. Apr. 2,2020); see also Gonzalez v. Szabo, 2020 U.S. Dist. LEXIS 46464, at *4, 2020 WL 1236647, at *2 (M.D. Fla. Feb. 21,

"Initial Complaint", Mitchell did not separate his causes of action or claims for relief (to the extent there are more than one) into different counts; state his allegations in numbered paragraphs that are each limited as far as practicable to a single set of circumstances; specify the conduct that each defendant engaged in as to each count; make clear which factual allegations pertain to which claims; and provide the specific grounds upon which each of his claims for relief are based. (Id.).

In the document titled "Motion to Amend" (doc. 6), Mitchell essentially regurgitates the allegations contained in his prior pleadings, lists the State of Texas as the sole Defendant, and requests a money judgment against the State of Texas for Lt. Governor Patrick's alleged statements. (Id.). In the third document, titled "Answer to Summons" (doc. 7), Mitchell makes nonsensical assertions and requests time to file an appeal to the "11th Cir. Court of Appeals". (Id.). As best the Court can discern, the fourth document, titled "Answer to Summons" (doc. 8) is a request for time to appeal to the Eleventh Circuit Court of Appeals.

On March 2, 2023, Mitchell filed four documents. (Docs. 9, 10, 11, 12). The first document, titled "Answer to Summons" is a duplicate of an earlier filed document. (Doc. 9). The next document, titled "Motion to Amend Complaint Rule 15" complains

---

2020) ("Because Plaintiff cannot proceed with a defamation claim under § 4101, and all other claims arise under state law, federal question jurisdiction does not exist."),

about alleged comments by Lt. Governor Patrick and includes a request for a money judgment against "the State of Texas and its entity". (Doc. 10). In doc. 11, titled "Rule 15 Motion to Amend, Mitchell avers that he has mailed to Lt. Governor Patrick everything he has mailed to the Court, and lists what purports to be a post office box address for Lt. Governor Patrick. (Doc. 11). And, doc. 12, titled Rule 15 Motion to Amend, appears to be a duplicate of Doc. 11. (Doc. 12).

## II. DISCUSSION

The Court's order dated January 27, 2023 put Mitchell on notice that failure to comply with the Court's directives would result in a recommendation of dismissal of his complaint. (Doc. 4 at 26). In particular, Mitchell was advised that his complaint, as drafted, failed to provide a basis for federal jurisdiction and constituted an impermissible shotgun pleading. (Id. at 12, 17, 21). Although Mitchell was afforded an opportunity to cure the deficiencies detailed by the Court, he has failed to do so.

The undersigned recognizes that a *pro se* pleading is "held to a less stringent standard than pleadings drafted by attorneys" and is liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The substance of Mitchell's amended complaint is the exact same as his original complaint, which lacked diversity jurisdiction because Texas, the only named defendant, is not a "citizen" for purposes of diversity jurisdiction, and therefore cannot be a party in a case where federal jurisdiction is premised on diversity of citizenship. See Wynn ex rel. Alabama v. Philip Morris, Inc., 51 F. Supp. 2d 1232, 1256 (N.D. Ala. 1999). While Mitchell complains about alleged defamatory statements made by Lt. Governor Patrick, he continues to list the State of Texas as the sole defendant in the caption, and continues to request a money judgment against the State of Texas[2]. As drafted, Mitchell's amended complaint fails to demonstrate the existence of diversity jurisdiction.

He has likewise failed to establish the existence of federal question jurisdiction. The federal statutes he seeks to rely upon are not applicable and do not provide a private cause of action. See Gunn v. Minton, 568 U.S. 251, 257 (2013) ("[A] case arises under federal law when federal law creates the cause of

---

[2] Even were the Court to liberally construe the amended complaint as asserting a claim against Lt. Governor Patrick, it is not at clear whether he is being sued in his individual or official capacity. This is particularly in light of the fact that Mitchell only seeks judgment against the State of Texas.

action asserted."). Thus, as drafted, Mitchell's amended complaint fails to demonstrate the existence of federal question jurisdiction.

Because Mitchell's amended complaint fails to allege facts sufficient to establish a basis for federal subject matter jurisdiction, despite the fact that Mitchell was afforded an opportunity to correct said deficient jurisdictional allegations, the Court is obligated to dismiss this action. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the undersigned recommends that this action be **DISMISSED without prejudice** under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction[3]. While Mitchell has filed several motions to amend, he has not filed a proposed amended complaint that evidences a basis for federal subject matter

---

[3] Federal Rule of Civil Procedure 41(b) provides an alternative basis for dismissal. It expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Given Mitchell's failure to obey this court's directives and amend his pleading as ordered, a dismissal under Rule 41(b) is also appropriate. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); Zow v. Regions Fin. Corp., 595 Fed. Appx. 887, 889 (11th Cir. 2014) (11th Cir. 2014) (if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion).

jurisdiction, or rectifies the other pleading deficiencies set forth in the Court's order dated January 27, 2023. (Doc. 4). Accordingly, his motions to amend are due to be **DENIED**.

## III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction, and alternatively under Fed. R. Civ. P. 41(b) and the Court's inherent authority for failure to obey the Court's order. It is further **RECOMMENDED** that Mitchell's motions to amend be **DENIED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

10

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **3rd** day of **April, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**